ORIGINAL

SANTOS_R.ampet

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorney's for United States of America

FILED
DISTRICT COURT OF GUAM

FEB -3 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 04-00023 |
| Plaintiff, | |
| vs. | AMENDED PETITION TO TRANSFER PAYMENTS |
| RICHARD J. SANTOS, | |
| Defendant. | |

## AMENDED PETITION

COMES NOW the United States of America, by and through its undersigned counsel, and respectfully petitions this Court for the entry of an order transferring the payments made by Defendant RICHARD J. SANTOS (hereinafter referred to as "Defendant SANTOS") in Criminal Case No. 04-00023 through the Bureau of Prison's Inmate Financial Responsibility Program as partial payment of the restitution imposed against Defendant SANTOS in Criminal Case No. 04-00033 and in support hereof, states as follows:

1. On or about May 13, 2005, an amended judgment was issued to reflect no restitution obligation under criminal case no. 04-00023 as originally reflected in the original judgment filed April 7, 2005. See Attachment "A and B."

//

//

2. On April 8, 2005, Defendant SANTOS paid his $100.00 special assessment fee in full imposed under criminal case no. 04-00023 and his $200.00 special assessment fee in full imposed under criminal case no. 04-00033. See Attachment "C."

3. Defendant SANTOS has made additional payments totaling $50.00 through the Bureau of Prison's Inmate Financial Responsibility Program. See Attachment "D."

4. In the interest of justice, payments totaling $50.00 paid by Defendant SANTOS in criminal case no. 04-00023 should be applied as partial payment of Defendant SANTOS's restitution in criminal case no. 04-00033.

5. Plaintiff further requests, that further payments made by Defendant SANTOS and credited to criminal case no. 04-00023 be applied towards his restitution in criminal case no. 04-00033.

RESPECTFULLY SUBMITTED this 3rd day of February, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

District of     **GUAM**

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| RICHARD J. SANTOS | Case Number: CR-04-00023 |
| | USM Number: 02447-093 |

**Date of Original Judgment: April 7, 2005**
(Or Date of Last Amended Judgment)

**G. PATRICK CIVILLE, Court Appointed**
Defendant's Attorney

### Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order (18 U.S.C. § 3664)

*U.S. ATTORNEY'S OFFICE DISTRICTS OF GUAM & NMI — MAY 13 2005 — RECEIVED*

*FILED DISTRICT COURT OF GUAM MAY 13 2005 MARY L.M. MORAN CLERK OF COURT*

### THE DEFENDANT:

☒ pleaded guilty to count(s) **II**
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §841(a)(1) | POSSESSION OF METHAMPHETAMINE HYDROCHLORIDE WITH INTENT TO DISTRIBUTE | 10-16-2003 | II |

The defendant is sentenced as provided in pages 2 _____ 6 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) _____ **I** _____ ☒ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**MAY 10, 2005**
Date of Imposition of Judgment

*/s/ David O. Carter*
Signature of Judge

**DAVID O. CARTER, DESIGNATED JUDGE**
Name and Title of Judge

*May 13, 2005*
Date

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term **70 Months. Sentence to run concurrent with CR-04-00033.**

X The court makes the following recommendations to the Bureau of Prisons:
**For the defendant to be allowed to participate in the 500 Hour Intense Drug Treatment Program.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  X before 1 p.m. on **May 31, 2005** .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

**FIVE YEARS**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

## ADDITIONAL SUPERVISED RELEASE TERMS

1. DEFENDANT SHALL REFRAIN FROM THE USE OF ANY ALCOHOL DURING HIS TERM OF SUPERVISED RELEASE.

2. DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION OFFICE FOR SUBSTANCE ABUSE, WHICH PROGRAM MAY INCLUDE TESTING TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED TO THE USE OF DRUGS OR ALCOHOL. THE DEFENDANT SHALL ALSO MAKE CO-PAYMENT FOR THE PROGRAM AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 6

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ WAIVED | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**    $ _____    $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  **X**  Lump sum payment of $ __100.00__ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

USA KK
FM

# UNITED STATES DISTRICT COURT

District of     **GUAM**

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| | Case Number:    CR-04-00023 |
| **RICHARD J. SANTOS** | USM Number:    02447-093 |
| | **G. PATRICK CIVILLE, Court Appointed** |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    **II**

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

U.S. ATTORNEY'S OFFICE
DISTRICTS OF GUAM & NMI
APR 07 2005
RECEIVED

**FILED**
DISTRICT COURT OF GUAM
APR -7 2005
MARY L.M. MORAN
CLERK OF COURT

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §841(a)(1) | POSSESSION OF METHAMPHETAMINE HYDROCHLORIDE WITH INTENT TO DISTRIBUTE | 10-16-2003 | II |

The defendant is sentenced as provided in pages 2 through   **6**   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)    **I**    X is    ☐ are    dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**APRIL 5, 2005**
Date of Imposition of Judgment

*/s/*
Signature of Judge

**ROBERT CLIVE JONES, DESIGNATED JUDGE**
Name and Title of Judge

**APR -7 2005**
Date

B

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**70 months to run concurrent with CR-04-00033**

X    The court makes the following recommendations to the Bureau of Prisons:
**For the defendant to be allowed to participate in the 500 Hour Intense Drug Treatment Program.**

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m. on _____.

     ☐ as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     X before 1 p.m. on    **May 31, 2005**.

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**FIVE YEARS**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

# ADDITIONAL SUPERVISED RELEASE TERMS

1. DEFENDANT SHALL REFRAIN FROM THE USE OF ANY ALCOHOL DURING HIS TERM OF SUPERVISED RELEASE.

2. DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION OFFICE FOR SUBSTANCE ABUSE, WHICH PROGRAM MAY INCLUDE TESTING TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED TO THE USE OF DRUGS OR ALCOHOL. THE DEFENDANT SHALL ALSO MAKE CO-PAYMENT FOR THE PROGRAM AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ WAIVED | $ 54,052.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Department of Veteran's Affairs<br>Medical Regional Office Center<br>459 Patterson Road<br>Honolulu, HI 96819-1522 | $ 32,827.00 | $ 32,827.00 | |
| Social Security Administration<br>Debt Management Section<br>Attn: Court Refund<br>P.O. Box 2861<br>Philadelphia, PA 19122 | $ 21,225.00 | $ 21,225.00 | |
| TOTALS | $ 54,052.00 | $ 54,052.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RICHARD J. SANTOS
CASE NUMBER: CR-04-00023

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $ __54,152.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| Date | Receipt | Client | Amount |
|---|---|---|---|
| 04/07/05 | 0026194 | Restitution<br>DELGADO, BILLY JUNIOR<br>CR-93-00034<br>USA vs BILLY JUNIOR DELGADO | $ 75.00 |
| 04/07/05 | 0026195 | Restitution<br>Check Info: 59-523/1214 #66575<br>FEDERAL PUBLIC DEFENDER<br>CR-00-00124<br>USA vs EDWIN G. CAYAS<br>M.O.#15-800/000,08339286903 $100.00 & 08339311664 $100.00 | $ 200.00 |
| 04/08/05 | 0026199 | Assessments/Fines<br>SANDRA SANTOS<br>CR-04-00023<br>USA vs RICHARD J. SANTOS | $ 100.00 |
| 04/08/05 | 0026200 | Assessments/Fines<br>SANDRA SANTOS<br>CR-04-00033<br>USA vs RICHARD J. SANTOS<br>Assessments/Fines | $ 200.00 |





Form GUD-BOP

## BUREAU OF PRISONS
## IPAC PAYMENTS

Time _____
Receiving name _____
Date keyed in Dbase _____
Entered into Dbase by: _____

| | |
|---|---|
| Department/Establishment: District Court of Guam | Customer ALC: 00004694-1 |
| Office: Clerk's Office | |
| Location: Hagatna, Guam | |
| Accounting Period: **JANUARY 2006** | |
| Originating ALC: 15030001 | |
| Document Reference No.: **14416480** | |
| Deposit No.: **463 06-031** | |

| Criminal Case No. and Name of Defendant | Payment Amount | BOP Inmate Reg. No. | Date Paid by Defendant | Institution Name |
|---|---|---|---|---|
| CR-04-00023 Santos, Richard J. | $25.00 | 02447-093 | 12/09/2005 | BML, Beaumont |

| DATE: | 01/13/06 | | | | |
|---|---|---|---|---|---|
| FY | FUND | BUDORG | COSTORG | BOC | AMOUNT |
| 2006 | 6855XX | D09GUXX | --- | --- | $25.00 |
| | | | | | |
| | | | | TOTAL AMOUNT | $25.00 |
| Reviewed By: | | | | Date | 01/17/06 |
| Posted By: | m/a | | | Date | 1/18/2006 |

CD0064694000054



Case 1:04-cr-00023   Document 28   Filed 02/03/2006   Page 16 of 17

Form GUD-BOP

# BUREAU OF PRISONS
# IPAC PAYMENTS

| Department/Establishment: District Court of Guam | | | | Customer ALC: 00004694-1 |
|---|---|---|---|---|
| Office: Clerk's Office | | | | |
| Location: Hagatna, Guam | | | | |
| Accounting Period: **OCTOBER 2005** | | | | |
| Originating ALC: 15030001 | | | | |
| Document Reference No.: **14415287** | | | | |
| Deposit No.: **463 05-121** | | | | |
| Criminal Case No. and Name of Defendant | Payment Amount | BOP Inmate Reg. No. | Date Paid by Defendant | Institution Name |
| CR-04-00023 Santos, Richard J. | $25.00 | 02447-093 | 9/06/2005 | BML, Beaumont |

CD 0646940013 processed 10/12/05

APP 10.2/05

| DATE: 10/12/05 | | | | | |
|---|---|---|---|---|---|
| FY | FUND | BUDORG | COSTORG | BOC | AMOUNT |
| 2006 | 6855XX | D09GUXX | --- | --- | $25.00 |
| | | | | | |
| | | | | TOTAL AMOUNT | $25.00 |
| Reviewed By: [signature] | | | | Date 10/12/05 | |
| Posted By: m19 | | | | Date 10/13/2005 | |